**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF GEORGIA**
**AUGUSTA DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CV 110-097 |
| | * | |
| $255,427.15 in U.S. Currency, | * | |
| | * | |
| Defendant. | * | |

---

**ORDER**

---

This case comes before the Court on Plaintiff's motion to dismiss Claimants' counterclaims. (Doc. no. 19.) Upon due consideration, Plaintiff's motion is **GRANTED** for the reasons set forth below.

**I. BACKGROUND**

On July 16, 2010, Plaintiff United States of America filed this civil forfeiture action against $255,427.15 in United States Currency seeking forfeiture of Defendant Currency pursuant to 31 U.S.C. § 5137(c)(2). (Doc. no. 1.) On September 2, 2010, Swaroop Investments, Inc., Chetankumar Patel, Ranjikant Patel, and Pankeeta Patel (collectively "Claimants") intervened and filed their "Verified Answer and Defenses to Complaint For Forfeiture *In Rem* and Counterclaims." (Doc. no. 15.) In their first counterclaim, Claimants allege that in the event they substantially prevail

1

in this forfeiture proceeding, they are entitled to an award of their attorney's fees, litigation costs, and interest pursuant to 28 U.S.C. § 2465. (Id. ¶¶ 20-21.) In their second counterclaim, Claimants contend Plaintiff has acted in bad faith, Plaintiff's position is not substantially justified, and, thus, Claimants are entitled to an award of costs and reasonable attorney's fees pursuant to 28 U.S.C. § 2412. (Id. ¶¶ 22-26.)

Plaintiff argues that Claimants' counterclaims should be dismissed for two primary reasons. First, third-party claimants may not use a civil forfeiture case to file counterclaims; and, second, the counterclaims requesting attorney's fees and litigation costs are premature.

## II. ANALYSIS

Plaintiff argues that Claimants may not use a civil forfeiture action to file counterclaims against the government. More specifically, Plaintiff contends that "because the government has not asserted a claim *against the claimant*, the claimant may not use the civil forfeiture case to file a counterclaim *against the government*." (Doc. no. 19-1 at 4.)

Plaintiff cites two cases rejecting counterclaims in civil forfeiture actions based upon the fact that the claimants asserting the counterclaim were not defendants in

2

the actions.[1]  See *United States v. 1866.75 Board Feet*, No. 1:10-cv-1100, 2008 WL 839792, at *3 (E.D. Va. Mar. 25, 2008) ("The Court grants Plaintiff's Motion to Dismiss Claimants' counterclaims because as claimants in an *in rem* civil forfeiture action, Claimants are not entitled to include counterclaims in this action."); *United States v. Assorted Computer Equip.*, No. 03-2356V, 2004 WL 784493, at *2 (W.D. Tenn. Jan. 9, 2004) ("Counterclaims are generally not allowed by third parties in civil *in rem* forfeiture proceedings."). In other words, these cases reason that a claimant in a forfeiture action cannot assert a counterclaim when no claim has been made against the claimant.  See *1886.75 Board Feet*, 2008 WL 839792, at *3 ("This action has not been brought against [the claimants].  They have chosen to intervene as claimants.   Therefore they are not entitled to file counterclaims in the instant action."); *Assorted Computer Equip.*, 2004 WL 784493, at *2 ("The property, e.g., the computer equipment in this case, is the defendant, not the claimant.").  Other courts have applied similar reasoning. See *United States v. One Lot of U.S. Currency ($68,0000)*, 927 F.2d 30, 34 (1st Cir. 1991) ("Since no civil claim was filed by the government against [claimant]—indeed rather than being dragooned into the case as a *defendant*, he intervened as a

---

[1] As explained by the Eleventh Circuit, "[a] forfeiture proceeding is not an action against the claimant but rather is an *in rem* action against the seized property brought under the fiction that the property itself is guilty of facilitating the crime."  Via Mat Int'l S. Am. v. United States, 446 F.3d 1258, 1264 (11th Cir. 2006).

*claimant*—there was no 'claim' to 'counter.'"); <u>United States</u> <u>v. $43,725.00 in United States Currency</u>, No. 4:08-1373, 2009 WL 347475, at *1 (D.S.C. Feb. 3, 2009) ([T]his Court has determined that it will not hear the claimant's counterclaims within the context of this civil forfeiture action."); <u>United</u> <u>States v. PlayboyMonthly.com</u>, No. 8:10-cv-1214, doc. no. 37 (M.D. Fla. Sept. 21, 2010) (dismissing counterclaim because "claimant cannot maintain a counterclaim against the United States in this *in rem* civil forfeiture action"). The Court finds this reasoning persuasive and concludes that Claimants' counterclaims are not properly before the Court in this action.[2]

In any event, the Court agrees with Plaintiff that Claimants' counterclaims must be dismissed because they are premature. As discussed, the counterclaims seek attorney's fees, litigation costs, and interest pursuant to 28 U.S.C. § 2465 and 28 U.S.C. § 2412. Plaintiff is correct in stating that "any potential right Claimants may have to payment of the aforementioned attorney fees, costs and interest does not arise until after Claimants have prevailed on the merits of the underlying forfeiture proceeding." (Doc. no. 19, Ex. 1 at 5.) The proper procedure for seeking such awards is by post-judgment motion. Therefore, Claimants' counterclaims for

---

[2] The Court has fully considered Claimants' argument that counterclaims are authorized in civil forfeiture proceedings; however, as set forth below, even if the Court were to adopt Claimants' position, the counterclaims in the present action would be dismissed.

attorney's fees and litigation costs are premature. <u>See</u> <u>United States v. 622 Boxes of Ephedrine</u>, 690 F. Supp. 2d 703, 709 (D.N.J. 2008) (dismissing claimants' counterclaims requesting fees and costs under § 2465 as premature).

Upon the foregoing, Plaintiff's motion to dismiss Claimants' counterclaims (doc. no. 19) is **GRANTED**. The Court reiterates, however, that "[i]n the event that Claimants prevail in the underlying forfeiture proceeding, those requests may be properly asserted by post-judgment motion." <u>622 Boxes of Ephedrine</u>, 690 F. Supp. 2d at 709.

**ORDER ENTERED** at Augusta, Georgia, this _27th_ day of June, 2011.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA