```
       IN THE UNITED STATES DISTRICT COURT FOR THE
                SOUTHERN DISTRICT OF GEORGIA
                       AUGUSTA DIVISION
```

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CV 110-097 |
| | * | |
| $255,427.15 in U.S. Currency, | * | |
| | * | |
| Defendant. | * | |

## O R D E R

Presently pending before the Court is Claimants' Motion to Suppress and For Return of Property. (Doc. no. 29.) Claimants request that the Court suppress the seizure of the Defendant $255,427.15 in U.S. Currency ("Defendant Currency"). Based on the following, this motion is **DENIED**.

### I. BACKGROUND

Claimants Chetankumar Patel and Pankeeta Patel are the owners of Claimant Swaroop Investments, Inc. ("Swaroop"), which has operated a gas station and convenience store in Grovetown, Georgia since 2005. On September 14, 2009, Special Agent Gregory Ricks of the United States Immigration and Customs Enforcement ("ICE") submitted applications for seizure warrants for each of Claimant Swaroop's three business checking accounts maintained at First Citizens Bank and Trust ("FCB"). In support of each application, Agent Ricks attached an affidavit (the

"Affidavit") in which he alleged that probable cause existed to believe that the monies in the accounts were subject to seizure and forfeiture to the United States pursuant to 31 U.S.C. § 5317 as property involved in or traceable to a structuring offense under 31 U.S.C. § 5324.

The Affidavit stated that, between January 31, 2008 and July 31, 2009, Claimants made withdrawals from the accounts almost exclusively in amounts of $9,000 and never in an amount greater than $10,000 from any one account. The Affidavit further alleges that there were seventy (70) occasions where withdrawals were made from all three accounts on the same day; twenty-eight (28) occasions where withdrawals were made from two of the three accounts on the same day; and twenty-seven (27) occasions where withdrawals were made on consecutive days from one or more accounts. Among other things, there are three charts setting forth in detail Claimants' withdrawal activity in connection with each of Swaroop's business checking accounts maintained at FCB. In each chart, Agent Ricks specified the date each check was cashed and the amount of each check. Based upon the Affidavit, the United States Magistrate Judge issued seizure warrants for Claimants' accounts and the Defendant Currency.

## II. DISCUSSION

Claimants' motion asserts that Defendant Currency should be returned because ICE violated the Fourth Amendment of the United

States Constitution when it seized the Defendant Currency. Specifically, Claimants contend that the Affidavit contained intentional and reckless omissions. In paticular, it fails to mention that FCB filed Currency Transaction Reports ("CTRs") for most of Claimants' withdrawals and that Claimants made withdrawals in the amount of $27,000 or $18,000 on nearly every occasion. Claimant argues that if these facts were included in the Affidavit, they would have eliminated any asserted probable cause to conclude that Claimants were allegedly structuring their withdrawals to evade the CTR requirement. Because neither of these facts were material to the probable cause finding, the Court **DENIES** Claimants' Motion to Suppress and For Return of Property.

### A. The Alleged Omissions

As established by the Supreme Court in Franks v. Delaware, 438 U.S. 154, 155-56 (1978), in order to successfully challenge the veracity of a warrant's affidavit, the challenging party must make "a 'substantial preliminary showing' that (1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit; and (2) the challenged statement or omission was essential to the finding of probable cause." U.S. v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006). If he does so, he is entitled to an evidentiary hearing on the issue. Id.

Omissions that are not reckless, but are instead negligent or insignificant and immaterial, will not invalidate a warrant.

3

Madiwale v. Savaiko, 117 F.3d 1321, 1327 (11th Cir. 1997). Indeed, intentional or reckless omissions will only invalidate a warrant if inclusion of the omitted facts would have prevented a finding of probable cause. Id. Moreover, courts reviewing the legitimacy of warrants should not interpret supporting affidavits in a hypertechnical manner; rather, a realistic and commonsense approach should be employed. U.S. v. Miller, 24 F.3d 1357, 1361 (11th Cir. 1994).

### B. The Omission of the CTR Filings from the Affidavit Has No Effect on the Finding of Probable Cause

Claimants argue that because the Affidavit does not contain any reference to the fact that FCB actually filed CTRs for nearly every one of the withdrawals detailed in the Affidavit, there were material omissions that, if included, would have demonstrated a lack of probable cause. However, the Court concludes that this omission was immaterial.

In U.S. v. Phipps, 81 F.3d 1056, 1061 (11th Cir. 1996), the Eleventh Circuit explained that in order to be held liable for violating § 5324(a)(1), an individual must cause a financial institution to not file a CTR that it had a legal duty to file. However, a violation pursuant to § 5324(a)(3) occurs when an individual structures a transaction so as to avoid triggering the financial institution's duty to file a CTR in the first place. Id. at 1060. As the Eleventh Circuit noted, § 5324(a)(1) was aimed at efforts to prevent a required CTR from being filed, while § 5324(a)(3) was aimed at structuring to

4

evade the CTR requirements. Id. Thus, whether a financial institution filed or failed to file CTRs for structured transactions is irrelevant to structuring offenses under § 5324(a)(3) because these offenses operate "without regard for whether an individual transaction is, itself, reportable." Id. at 1060-61.

Other circuits have reached this same conclusion. Structuring or attempting to structure violates § 5324 even if ultimately a currency exchange report on the transaction is issued. See U.S. v. Gibbons, 968 F.2d 639, 645 (8th Cir. 1992). "[W]hether or not [the accused or claimant] actually fooled [the financial institution] has no bearing on the substantive violation under 31 U.S.C. § 5324(a)." U.S. v. Van Allen, 524 F.3d 814, 825 (7th Cir. 2008). Moreover, many circuit pattern jury instructions on 31 U.S.C. § 5324(a) include this principle. See Seventh Circuit Pattern Criminal Jury Instructions 18 U.S.C. § 5324[2] (1999) (stating that a "jury may find the defendant guilty of unlawfully structuring a transaction whether or not the financial institution filed, or failed to file, a true and accurate currency transaction report"); Fifth Circuit Pattern Criminal Jury Instruction 2.99 (2001) ("If the evidence is that the bank filed the CTR as required, the judge may want to tell the jury that the defendant may be found guilty of this offense even if the bank properly filed the CTR.").

Because the filing of CTRs is irrelevant in structuring cases under § 5324(a)(3), the omission of such a fact from the seizure warrant affidavit would not have prevented a finding of probable cause. Thus, there was no Fourth Amendment violation, much less a substantial preliminary showing of such a violation which justifies a <u>Franks</u> hearing.

### C. Claimants' Withdrawal Amounts are Included in the Affidavit

Claimants also argue that the affidavit "fails to expressly state that nearly all of the withdrawals were in aggregate amounts of $27,000 or $18,000." (Doc. no. 29 at 5.) The Affidavit, however, included three charts setting forth in detail Claimants' structured withdrawal activity in connection with each of Swaroop's business checking accounts maintained at FCB. The date each check was cashed and the amount of the check are specified in each chart. (Ricks Aff. ¶¶ 12-14.) Furthermore, the charts in the Affidavit indicate that almost every withdrawal was in the amount of $9,000 and that "[a] review of the activity of the accounts indicates that there were 70 occasions where withdrawals were made from all three of the accounts on the same day [and] 28 occasions where the withdrawals were made from two of the three accounts on the same day." (<u>Id.</u> ¶ 16.) Because the Affidavit contains the information that Claimants complain is missing, the Claimants

6

have failed to make a substantial preliminary showing which justifies a Franks hearing on this basis.

### III. CONCLUSION

Upon the foregoing, Claimants' Motion to Suppress and For Return of Property (doc. no. 29) is **DENIED**.

**ORDER ENTERED** at Augusta, Georgia, this ___18th___ day of January, 2012.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA